# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  16-cv-81756-BLOOM/Valle

In re:                                                    Bankr. Case No. 11-30867-EPK

CHRISTOPHER A. BACZEWSKI,

      Debtor.

_____/

CHRISTOPHER A. BACZEWSKI,

      Appellant,

v.

PNC BANK, N.A.,

      Appellee.

_____/

### <u>OPINION AND ORDER</u>

**THIS CAUSE** is before the Court upon appeal by Appellant Christopher A. Baczewski ("Mr. Baczewski").  Mr. Baczewski seeks review of two final orders issued by the United States Bankruptcy Court for the Southern District of Florida: (1) Order Denying Debtor's Motion to Enforce PNC Bank's Compliance with Confirmed Plan and Settlement Agreement, Bankr. ECF No. [289]; and (2) Order Granting PNC Bank, National Association's Motion to Reopen Case to Enforce Debtor's Payment under Confirmed Plan of Reorganization, Bankr. ECF No. [291].  The Court has considered Appellant's Brief, ECF No. [7], Appellee PNC Bank, N.A.'s ("PNC Bank") Brief, ECF No. [11], and the record in this case.  For the reasons that follow, the appeal is denied and the Bankruptcy Court's orders are affirmed.

# I.   BACKGROUND

Mr. Baczewski and his wife, Dawn Baczewski (collectively, the "Baczewskis"), were the debtors in the individual Chapter 11 proceeding below, from which the appealed orders were entered.  In that proceeding, PNC Bank, one of the Baczewskis' creditors, reached a Settlement Agreement with the Baczewskis and two entities that the Baczewskis were affiliated with—Ten Talents Foundation LLC ("Ten Talents") and Madison Holdings, Inc.   The Settlement Agreement was incorporated into the Baczewskis' Second Amended Plan of Reorganization (the "Confirmed Plan") that was confirmed by the Bankruptcy Court on July 2, 2013.  *See* Bankr. ECF Nos. [185], [216].  The Settlement Agreement provided, among other things, that PNC Bank agreed to accept payment on account of an agreed, allowed, general unsecured claim in the amount of $1,825,753.95, and that that claim was to be treated under Class 5 of the Confirmed Plan.  Bankr. ECF No. [185].  In light of the provisions of the Confirmed Plan and the amount of PNC Bank's allowed, unsecured claim, PNC Bank was entitled to receive from the Baczewskis ten annual payments each in the amount of $17,691.52.  *Id.* at 17.

The Baczewskis made the first two annual payments to PNC Bank on account of its Class 5 unsecured claim, but did not deliver to PNC Bank the annual payments due on August 15, 2015 and August 15, 2016.  In the course of attempting to resolve the issues related to the non-payment, the Baczewskis received documentation from PNC Bank reflecting that PNC Bank had internally credited the Baczewskis' first two annual payments to an account in the name of Ten Talents, which PNC Bank had released under the Settlement Agreement.[1]  As explained by the Bankruptcy Court: "It appears that PNC Bank's own accounting records reflect a loan account in favor of an entity other than the [Baczewskis] and, for internal purposes, payments made by the

---

[1] PNC Bank's previous loan to Ten Talents had originally been guaranteed by the Baczewskis.

[Baczewskis] on account of their guaranty of those obligations were reflected in the original loan amount."  Bankr. ECF No. [291] at 2.

Thereafter, on July 6, 2016, PNC Bank filed a motion, Bankr. ECF No. [269], requesting that the Bankruptcy Court reopen the Baczewskis' bankruptcy case, which had been administratively closed, to compel the Baczewskis to make the missed payments.  In response, the Baczewskis filed a motion, Bankr. ECF No. [283], alleging that PNC Bank's internal application of the Baczewskis' first two payments was inconsistent with the Settlement Agreement, and therefore requesting the Bankruptcy Court to "enforce PNC[] [Bank's] compliance with the terms of the Settlement Agreement . . . ."  The Bankruptcy Court held hearings on the competing motions on August 31, 2016, and October 5, 2016.  *See*  Bankr. Transcripts at ECF Nos. [9]-[10].  The Bankruptcy Court denied the Baczewskis' motion, Bankr. ECF No. [289], and granted PNC Bank's motion, Bankr. ECF No. [291].  On October 18, 2016, Mr. Baczewski timely filed his notice of appeal.  ECF No. [1]. The appeal is fully briefed and ripe for adjudication.

## II.   JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to hear this appeal of a final order issued by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).

A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error.  *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009); *Club Associates v. Consol. Capital Realty Investors (In re Club Associates)*, 951 F.2d 1223, 1228 (11th Cir. 1992).  "Under *de novo* review, a Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court."  *In*

*re Mut. Ben. Offshore Fund, Ltd.*, 508 B.R. 762, 769 (S.D. Fla. 2014) (citing *Kaiser Aerospace and Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1295 (11th Cir. 2001)).  Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all of the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made."  *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).

Additionally, the determination of certain matters is committed to the discretion of the bankruptcy court, and is reviewed for abuse of discretion. *See, e.g., Phillips v. Phillips (In re Phillips)*, 2013 WL 1899611, at *1 (M.D. Fla. May 7, 2013) ("Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion.") (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006)); *Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla. 1991) (same, regarding admission of evidence) (citing *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. 1981)).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or on misapplication of the law to the facts."  *Park Nat. Bank v. Univ. Ctr. Hotel, Inc.*, 2007 WL 604936, at *1 (N.D. Fla. Feb. 22, 2007); *see also Amlong & Amlong*, 500 F.3d at 1238 ("A decision that is contrary to the law plainly is an abuse of discretion."); *West v. Smith (In re Cecil)*, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) ("A court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard."). It is through this lens that the Court considers the instant appeal.

### III.  DISCUSSION

As an initial matter, the Court notes that the material facts pertaining to the competing motions were undisputed.  Specifically, the Baczewskis admitted to the Bankruptcy Court the following: (1) the amount of their total obligation to PNC Bank under the Confirmed Plan; (2) that, prior to the filing of the competing motions, the Baczewskis made the first two payments to PNC Bank required under the Confirmed Plan; (3) that the Baczewskis did not make the annual payments of $17,691.52 due on August 15, 2015 and August 15, 2016—the basis for PNC Bank's motion; and (4) that the Baczewskis did not make such payments because PNC Bank had sent a loan statement to the Baczewskis. That statement referenced PNC Bank's loan account for its prior loan to Ten Talents, which had originally been guaranteed by the Baczewskis. It reflected that PNC Bank was crediting the first two payments made by the Baczewskis to the loan number associated with the Ten Talents loan account—the basis for the Baczewskis' motion.  *See* ECF No. [9] at 8-12; ECF No. [10] at 10-13; Bankr. ECF No. [281] at ¶¶ 3-5, 8; *see also* ECF No. [7] at 2.  PNC Bank did not contest any of the above mentioned admissions—in particular, that a loan statement referencing the Ten Talents loan account had been sent out and that the Ten Talents loan account was being used to credit the Baczewskis' payments for PNC Bank's internal purposes.  *See* ECF No. [9] at 5-7; ECF No. [10] at 5-6; *see also* ECF No. [11] at 6.  As such, there are no factual findings made by the Bankruptcy Court that are at issue on appeal.

What is at issue are PNC Bank's internal application of the Baczewskis' first two payments under the Settlement Agreement and the Baczewskis' subsequent non-payment.  Mr. Baczewski contends on appeal, as the Baczewskis did in their motion to the Bankruptcy Court, that PNC Bank's application of the Baczewskis' first two payments to the Ten Talents loan

account is "contrary to the terms of the Settlement Agreement," under which PNC Bank agreed to "'waive, remise, release and forever discharge' [Ten Talents] from all outstanding debt, and released [sic] the debtors and all related parties from the guarantees relating to [Ten Talents]." ECF No. [7]; *see also* Bankr. ECF No. [283] at ¶ 2.  In reasserting his willingness to comply with the Settlement Agreement and make the annual payments required thereunder, Mr. Baczewski laments that "[a]ll [he] asked for of PNC Bank and of the Bankruptcy Court was for PNC to simply honor their obligations under the terms of the Settlement Agreement and close out the [Ten Talents] obligation."  ECF No. [7].  As the Bankruptcy Court observed, however, there was no showing that PNC Bank attempted to collect from any person or entity whose obligations were released under the Settlement Agreement, including Ten Talents, nor did the Baczewskis represent that such was the case.  *See* Bankr. ECF No. [291] at 3.  Indeed, at the October 5, 2016 hearing, counsel for PNC Bank confirmed that Ten Talents' liability was released under the Settlement Agreement and that PNC Bank was not seeking to recover from Ten Talents.  *See* ECF No. [10] at 7 ("There's a global settlement agreement. And basically the global settlement agreement as to [Ten Talents], it was released from that debt.").  For all intents and purposes, then, any obligations previously owed by Ten Talents continued to remain released under the Settlement Agreement notwithstanding the loan statement.  *See id.* at 6 (Counsel for PNC Bank: "We're not trying to get the money from Ten Tallents [sic]. We've released them. We're not trying to collect it. If it was bad to send something with its name on it, we did it. We're not doing it anymore.").  Thus, the Court finds no error in the Bankruptcy Court's conclusion that, "how PNC Bank treats funds it receives for internal accounting purposes . . . does [not] have any impact on the liability of any person or entity whose *in personam* liability was released under the Settlement Agreement."  Bankr. ECF No. [291] at 3.  In short, nothing about PNC Bank's

accounting of the Baczewskis' payments contravened the Settlement Agreement. Thus, the Bankruptcy Court was well within its discretion in denying the Baczewskis' motion accordingly.

Relatedly, with respect to the Baczewskis' payment obligations under the Settlement Agreement—the basis of PNC Bank's motion—the Bankruptcy Court opined as follows:

> [H]ow PNC Bank treats funds it receives for internal accounting purposes has no effect whatsoever on the liability of the [Baczewskis] under the confirmed plan or the settlement agreement . . . . When it comes to determining the liability of the [Baczewskis] to PNC Bank under the confirmed plan, the only fact that matters is how much the [Baczewskis] have actually paid to PNC Bank. . . . What PNC does with those funds, and how it applies them in its own books, is not relevant.

Bankr. ECF No. [291] at 3.   The Court agrees and therefore concludes that the PNC Bank loan statement referencing the Ten Talents loan account did not excuse the Baczewskis' payment obligations under the Settlement Agreement.   Given that there was no dispute that the Baczewskis failed to make the annual payments of $17,691.52 due on August 15, 2015 and August 15, 2016 under the Settlement Agreement, the Bankruptcy Court was also well within its discretion in granting PNC Bank's motion.

Mr. Baczewski raises a number of additional issues for the Court's consideration on appeal, several of which relate to the manner in which the Bankruptcy Court considered the PNC Bank loan statement referencing the Ten Talents loan account.  *See generally* Fed. R. Bankr. P. 8009(1)(A) (providing that upon appealing an order from the bankruptcy court, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.").  Specifically, Mr. Baczewski challenges the following: the Bankruptcy Court's ruling on the competing motions without allowing Mr. Baczewski the opportunity to submit evidence—namely, the loan statement; the Bankruptcy Court's decision not to include the loan statement in the designation of items to be included in the record on appeal; and the Bankruptcy Court's language pertaining

Case 9:16-cv-81756-BB   Document 16   Entered on FLSD Docket 01/20/2017   Page 8 of 10

to the loan statement in its order granting PNC Bank's motion (*e.g.*, that the order described the loan statement as merely "suggesting" that the Baczewskis' payments were internally credited to the Ten Talents loan account).  *See* ECF No. [7] at Issue Nos. 6-8, 10.  However, the Bankruptcy Court accepted as true the parties' mutual representations that PNC Bank had sent the Baczewskis a loan statement referencing the Ten Talents loan account and that PNC Bank had credited the Baczewskis' first two payments to that account.  *See, e.g.*, ECF No. [9] at 13 (The Court: "I think [PNC Bank] should stop sending statements. And so that's the bank's problem. . . . . [P]lease tell them to stop sending statements."); ECF No. [10] at 4 (The Court: "Okay. Your concern is that they are recording the payments in a way that you believe disagrees with the plan." Mr. Baczewski: "Correct." The Court: "Correct."); Bankr. ECF No. [291] at 2 ("It appears that PNC Bank's own accounting records reflect a loan account in favor of an entity other than the [Baczewskis] and, for internal purposes, payments made by the [Baczewskis] on account of their guaranty of those obligations were reflected in the original loan account.").  Accordingly, that the Bankruptcy Court did not accept into evidence the loan statement is of no moment.

The remaining issues raised by Mr. Baczewski on appeal, which concern whether the Bankruptcy Court's Order of Discharge and Final Decree, Bankr. ECF No. [259] (the "Discharge Order"), precluded the Bankruptcy Court from reopening the case and/or ordering Mr. Baczewski's compliance with the Settlement Agreement, *see* ECF No. [7] at Issue Nos. 4-5, are likewise inconsequential.  For one, the Bankruptcy Court's Discharge Order was entered upon a motion filed by the Baczewskis that reaffirmed (1) the Baczewskis' obligation under the Confirmed Plan to continue to make payments to their unsecured creditors, such as PNC Bank, after the entry of discharge and a final decree, and (2) the ability of the Baczewskis' unsecured creditors to seek redress for the Baczewskis' noncompliance with the Confirmed Plan.  *See*

Bankr. ECF No. [245] at ¶¶ 11-12 ("[T]he [Confirmed Plan] calls for ten (10) years of payments. It would greatly prejudice the [Baczewskis] if they were forced to wait for a discharge until after all payments, were complete. . . . Further, the unsecured creditors are not prejudiced because the [Baczewskis] remain obligated to make all future plan payments and the failure to do so would be actionable by the affected creditors with or without the existence of a discharge.").  Further, answering the above mentioned issues in the affirmative would be contrary to the Baczewskis' own motion, which essentially sought the Bankruptcy Court's enforcement of the Settlement Agreement despite the prior Discharge Order.  Finally, and in any event, these issues were not properly preserved as they were never raised before the Bankruptcy Court.  *See generally Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1258 (11th Cir. 2015) (stating that "issues raised for the first time on appeal are generally forfeited"); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984) (stating that "an appellate court generally will not consider a legal issue or theory unless it was presented to the trial court").

In sum, the Court finds that the Bankruptcy Court made no erroneous findings of fact, its application of the facts to the parties' legal obligations under the Settlement Agreement was proper, and its denial of the Baczewskis' motion and grant of PNC Bank's motion were not an abuse of discretion.

## IV.   CONCLUSION

For the foregoing reasons, the Orders on Appeal, Bankr. ECF Nos. [289], [291], are **AFFIRMED**.  The Clerk is directed to **TRANSMIT** notice of this Order to the Bankruptcy Court in accordance with all relevant rules and procedures, and is further directed to **CLOSE** this case.

Case No.  16-cv-81756-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 19th day of January, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

10